UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>         Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>         Respondent. | Case No.: 17cv23-LAB-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 14, 18, and 22]** |

## I. INTRODUCTION

On January 3, 2017 Petitioner Dontaze Storey ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2013 state court conviction for nineteen violations of California Penal Code § 288(a), lewd acts with a minor, and two violations of California Penal Code § 290.018(b), requiring sex offender registration. (ECF No. 1 at 1-2); *see People v. Storey*, No. D065025, 2015 WL 5714618 (Cal. Ct. App. Sept. 30, 2015), *review denied* (Jan. 13, 2016). The same day, Petitioner filed a motion to hold the Petition in abeyance and stay the proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled* on *other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007) to present unexhausted claims to the California Supreme Court. (ECF Nos. 1, 3.) On August 16, 2017, the California Supreme

1

Court denied a petition for writ of habeas corpus that Petitioner filed on May 22, 2017.[1] Following briefing on the Motion for Stay and Abeyance, Petitioner also filed multiple motions for the appointment of counsel. (ECF Nos. 14, 18, and 22.)

For the reasons discussed below, the Court **DENIES** without prejudice Petitioner's Motions Requesting Appointment of Counsel (ECF Nos. 14, 18, and 22).

## II. BACKGROUND

On October 18, 2013, Petitioner was convicted of nineteen counts of lewd acts with his minor daughters and for his failure to register as a sex offender, which was required by a previous 1995 conviction. (*See* ECF No. 1 at 1.) Petitioner received a sentence of 185 years to life and a consecutive determinate sentence of 40 years for his 2013 conviction. (ECF No. 1.) His conviction was affirmed on September 30, 2015, and the California Supreme Court summarily denied review on January 13, 2016. *People v. Storey*, No. D065025, 2015 WL 5714618 (Cal. Ct. App. Sept. 30, 2015), *review denied* (Jan. 13, 2016); (ECF No. 1 at 63). Petitioner filed the instant Petition (ECF No. 1) on January 3, 2017.

To date, Petitioner has filed three motions requesting the appointment of counsel. On May 24, 2017, Petitioner requested Court appointed counsel, contending that his inability to correctly follow habeas filing procedures and meet deadlines in state court demonstrates this need. (ECF No. 14.) On June 12, 2017, Petitioner moved again for

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records). As such, the website for the California Courts, which contains the court system's records for filings in the California Supreme Court, is subject to judicial notice. Accordingly, the Court takes judicial notice of the California Supreme Court docket in *People v. Storey*, Case No. S242090, available at
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2198683&doc_no=S242090.

appointment of counsel arguing that his 7.7 T.A.B.E. score[2] demonstrates his inability to articulate his claims *pro se*. (ECF No. 18.) Finally, on July 3, 2017, Petitioner again requested the appointment of counsel, repeating his claims about his T.A.B.E. score and claiming that his request for an evidentiary hearing necessitates such an appointment. (ECF No. 22.)

**A. Applicable Legal Standards**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C § 2254 may receive court appointed counsel when "the interests of justice so require," as determined by the court. 18 U.S.C. § 3006A(a)(2)(B); *Terranova v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terranova*, 912 F.2d at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The appointment of counsel is discretionary where no evidentiary hearing or discovery is necessary. *Id.*

Further, an indigent prisoner is not entitled to the appointment of counsel unless "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Such a violation can occur in the absence of counsel if the issues involved are too complex for the petitioner or if the petitioner has such a limited education that he is incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). A court must exercise discretion and "evaluate the likelihood of success on the merits as well as

---

[2] "The T.A.B.E. (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." *See In re Roderick*, 154 Cal. App. 4th 242, 253 n.5, 257 n.10 (2007); *see also Marcelo v. Hartley*, 2008 WL 4057003, *4 n. 7 (C.D. Cal. 2008). The TABE score is expressed in a number reflecting grade level. *In re Roderick*, Cal. App. 4th at 257 n.10.

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**B. Discussion**

Where no evidentiary hearing is required, the appointment of federal counsel is discretionary. *Terranova*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. The Court finds that any ruling on Petitioner's request for counsel is premature as the Court has not yet completed its determination of whether the claims presented by Petitioner may be resolved solely by reference to the state court record and therefore or whether an evidentiary hearing may be necessary. Petitioner's request for the appointment of counsel is linked to the granting of an evidentiary hearing. *See* Rule 8(c), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Once the merits of the Petition have been fully addressed, a determination will be made as to whether an evidentiary hearing is necessary. *See* Rule 8(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Further, the Court finds that the "interest of justice" do not warrant the appointment of counsel as to any claim presented in this case at this time. Petitioner contends his low T.A.B.E. score, which he alleges indicates he has a seventh grade education, should compel the court's discretionary appointment of counsel. (ECF No. 18.) He attaches his T.A.B.E. test results for reading indicating that he scored a 7.7 in reading at Level D9. (ECF No. 18 at 4.) However, the mere fact that Petitioner commands a seventh grade education does not establish an entitlement to the appointment of counsel. *See, e.g.*, *Schneider v. Swarthout*, No. 2:10-CV-1869, 2011 WL 2447989, at *1 (E.D. Cal. June 20, 2011) (noting denial of petitioner's motion to appoint counsel where petitioner alleged having a fourth grade education level); *Rodriguez v. Tucker*, CV 04-2808, 2006 U.S. Dist. LEXIS 2976, at *4 (D. Ariz. Jan. 25, 2006) ("Petitioner's low IQ alone, absent a showing of an inability to articulate his claims *pro se* and a showing of a likelihood of success on the merits, does not

warrant appointment of counsel"); ("*George v. Almager*, 674 F. Supp. 2d 1160, 1179 (S.D. Cal. 2009).

While a due process violation may occur in the absence of counsel if an issue involved is too complex for a petitioner, it appears that Petitioner has a solid grasp of this case and the legal issues involved. Petitioner does not set forth facts showing that the complexities of this case are such that counsel may be necessary to prevent a due process violation. Furthermore, the legal issues in this case do not appear overly complex. Under such circumstances, there is no abuse of discretion in denying a state prisoner's request for the appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Moreover, having reviewed the instant motions, Petition, and the petition filed before the California Supreme Court in this case, Petitioner has proven himself capable of presenting his arguments. Therefore, the "interest of justice" do not warrant the appointment of counsel in this case at this time.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motions for Appointment of Counsel (ECF Nos. 14, 18, and 22) are **DENIED WITHOUT PREJUDICE.**

Dated: August 18, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge