UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DONTAZE A. STOREY,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>Respondent. | Case No.: 17cv23-LAB-BGS<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE**<br><br>**[ECF No. 3]** |
|---|---|

## I. INTRODUCTION

On January 3, 2017 Petitioner Dontaze Storey ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2013 state court conviction for nineteen violations of California Penal Code § 288(a), lewd acts with a minor, and two violations of California Penal Code § 290.018(b), requiring sex offender registration. (ECF No. 1 at 1-2); *see People v. Storey*, No. D065025, 2015 WL 5714618 (Cal. Ct. App. Sept. 30, 2015), *review denied* (Jan. 13, 2016). The same day, Petitioner filed a motion to hold the Petition in abeyance and stay the proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled* on *other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007) to present unexhausted claims to the

California Supreme Court. (ECF Nos. 1, 3.) On August 16, 2017, the California Supreme Court denied a petition for writ of habeas corpus that Petitioner filed on May 22, 2017.[1]

For the reasons discussed below, the Court **RECOMMENDS** at this time that Petitioner's Motion for Stay and Abeyance (ECF No. 3) be **DENIED WITHOUT PREJUDICE**.

## II. BACKGROUND

On October 18, 2013, Petitioner was convicted of nineteen counts of lewd acts with his minor daughters and for his failure to register as a sex offender, which was required by a previous 1995 conviction. (*See* ECF No. 1 at 1.) Petitioner received a sentence of 185 years to life and a consecutive determinate sentence of 40 years for his 2013 conviction. (ECF No. 1.) His conviction was affirmed on September 30, 2015, and the California Supreme Court summarily denied review on January 13, 2016. *People v. Storey*, No. D065025, 2015 WL 5714618 (Cal. Ct. App. Sept. 30, 2015), *review denied* (Jan. 13, 2016); (ECF No. 1 at 63). Petitioner filed the instant Petition (ECF No. 1) on January 3, 2017.

On January 3, 2017, the same day that he filed his federal Petition, Petitioner also filed a Motion for Stay and Abeyance (ECF No. 3) asking this Court to stay his federal habeas petition while he presented the four unexhausted "grounds" for relief to the California Supreme Court. (*See* ECF No. 3.) At that time, he had not yet filed a petition for writ of habeas corpus in state court regarding these four new "grounds." (*See* ECF No. 1 at 3-4.)

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records). As such, the website for the California Courts, which contains the court system's records for filings in the California Supreme Court, is subject to judicial notice. Accordingly, the Court takes judicial notice of the California Supreme Court docket in *People v. Storey*, Case No. S242090, available at
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2198683&doc_no=S242090.

Petitioner's federal Petition raises five overall "grounds" for relief. (*Id.* at 6-10.) For his first "ground", Petitioner incorporates by reference an annotated copy of his opening brief from the direct appeal of his conviction. (*Id.* at 6 ["Ground One: "A" – See Attached: Exhibit 'A,' Appellants Opening Brief"], 14-61.) In addition to this first "ground", the Petition also incorporates by reference four admittedly unexhausted "grounds" listed in Petitioner's Motion for Stay and Abeyance, originally attached as Exhibit F to his Petition. (*Id.* at 7-10 ["Habeas Corpus, being presented to state court. See Attached: Exhibit "F", pages # 2 thru 5 (Request for Stay and Abeyance)"]; ECF No. 3) In his Motion for Stay and Abeyance, Petitioner lists twenty-six specific claims related to these four new "grounds," for each of which he provides a single sentence description. (*See* ECF No. 3.)

On January 18, 2017, this Court issued a notice alerting Petitioner of his possible failure to exhaust and of the Antiterrorism and Effective Death Penalty Act's "AEDPA" one-year statute of limitations, which governs federal habeas petitions. (ECF No. 5); 28 U.S.C. 2244(d)(1)(A)-(D) On March 2, 2017, Respondent submitted a brief opposing Petitioner's motion for stay and abeyance. (ECF No. 9.) Petitioner filed a reply on April 4, 2017. (ECF No. 10.)

On April 17, 2017, Petitioner filed a notice that on April 13, 2017 he mailed a habeas corpus petition to the Supreme Court of California. (ECF No. 12.) However, as represented by Petitioner, due to filing errors in his initially submitted state court habeas petition, the California Supreme Court did not accept his petition at that time. (*See* ECF No. 14 at 2.) Petitioner subsequently corrected the errors and made substantive changes to his Petition, which the California Supreme Court accepted for review on May 22, 2017. (*Id.*) On June 5, 2017, Petitioner filed a copy of the habeas petition submitted to the California Supreme Court with this Court. (ECF No. 16.) Petitioner's claims in the petition filed before the California Supreme Court provide more detail than the claims incorporated

by reference in his federal Petition. (Compare ECF No. 16, with ECF No. 3.) According to the California Supreme Court's docket, the petition was denied on August 16, 2017.[2]

## III. DISCUSSION

It is well established that habeas petitioners who wish to challenge a state court conviction or length of confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)-(c); *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) ("as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"). The petitioner must "seek full relief first from the state courts, thus giving those courts the opportunity to review all claims of constitutional error." *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017); *see also Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (a petitioner must exhaust all available state remedies, either through direct appeal of his conviction or through collateral proceedings). A petitioner must provide the highest state court with a fair opportunity to consider the factual and legal bases of his claims prior to presenting them to federal court. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008)). In California, a state prisoner "may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court…." *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).

According to the California Supreme Court's docket in case number S242090, the habeas petition Petitioner filed on May 22, 2017 has now been denied. The California Supreme Court's decision reads in full:

> The petition for writ of habeas corpus is denied. (*See People v. Duvall* (1995) 9 Cal. 4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Swain* (1949) 34 Cal.

---

[2] *People v. Storey*, Case No. S242090, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2198683&doc_no=S242090.

2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].) Individual claims are denied, as applicable. (*See In re Dixon* (1953) 41 Cal. 2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal].) Corrigan, J., was absent and did not participate.

In light of this denial, Petitioner must indicate if he now will (1) proceed on his Petition (ECF No. 1) pending in this Court or (2) continue to pursue his claims in state court by filing a new habeas petition before the California Supreme Court. At this time, the Court makes no finding as to whether this denial of Petitioner's state petition exhausts all claims listed in Petitioner's federal Petition. It notes that pursuant to "principles of comity and federalism," federal courts must not "deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Dixon*, 847 F.3d at 722. However, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see Dixon*, 847 F.3d at 723 (granting a motion for stay and abeyance "with reasonable time limits" while the petitioner pursued claims in state court).

Accordingly, **IT IS RECOMMENDED** that in light of the above denial of Petitioner's state habeas petition, the District Judge assigned to the case **DENY WITHOUT PREJUDICE** Petitioner's Motion for Stay and Abeyance (ECF No. 3) at this time and **ORDER** the following:

1. If Petitioner chooses to file a new petition for habeas corpus before the California Supreme Court, that **within 45 days** of the issuance of the District Court's order, Petitioner must file before this Court:
    a. a renewed motion for stay and abeyance; AND
    b. a copy of the new habeas petition he has filed before the California Supreme Court.[3]

---

[3] If Petitioner is unable to file a new habeas petition before the California Supreme Court within the 45 day time period, he must provide **a good cause basis** for why he is unable to do so.

5

**2.** However, if Petitioner does not file a renewed motion for stay and abeyance before this Court **AND** provide a copy of the new petition he filed before the California Supreme Court within the aforementioned time period, then **IT IS RECOMMENDED** that the District Court **ORDER** Respondent to respond to the Petition on file at that time.

## IV. ADDITIONAL MATTERS

Pursuant to the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual, parties must refrain from including, or must partially redact where inclusion is necessary, the names of minor children. CASD CM/ECF Policies and Procedures, Section I (h)(2); *see also* Fed. R. Civ. P. 5.2(a). Under this rule, if the involvement of a minor child must be mentioned in a filing, only the initials of that child should be used.

In a Status Report in which he provides a copy of the habeas petition submitted to the California Supreme Court (ECF No. 16), Petitioner refers repeatedly to I.S. and K.S.'s full names. **He must not do so in his future filings.**

Accordingly, the Court **RECOMMENDS** that the District Judge assigned to this case order the Clerk to **FILE UNDER SEAL** Petitioner's Status Report (ECF No. 16) as the most expedient manner of rectifying the *pro se* petitioner's noncompliance with this local requirement.

## V. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that in light of the above denial of Petitioner's state habeas petition, the District Judge assigned to this case **DENY WITHOUT PREJUDICE** Petitioner's Motion for Stay and Abeyance (ECF No. 3) at this time and **ORDER** the following:

**1.** If Petitioner chooses to file a new petition for habeas corpus before the California Supreme Court, that **within 45 days** of the issuance of the District Court's order, Petitioner must file before this Court:

   **a.** a renewed motion for stay and abeyance; AND

6

17cv23-LAB-BGS

**b.** a copy of the new habeas petition he has filed before the California Supreme Court.[4]

**2.** However, if Petitioner does not file a renewed motion for stay and abeyance before this Court **AND** provide a copy of the new petition he filed before the California Supreme Court within the aforementioned time period, then **IT IS RECOMMENDED** that the District Court **ORDER** Respondent to respond to the Petition on file at that time.

Additionally, **IT IS RECOMMENDED** that the District Judge assigned to this case order the Clerk to **FILE UNDER SEAL** Petitioner's Status Report (ECF No. 16) as the most expedient manner of rectifying the Petitioner's noncompliance with the requirement of identifying minors by their initials in filings.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **September 1, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 15, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2017

*[signature]*

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[4] If Petitioner is unable to file a new habeas petition before the California Supreme Court within the 45 day time period, he must provide **a good cause basis** for why he is unable to do so.