UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>DAINEL PARAMO,<br><br>　　　　　　Respondent. | Case No.: 17cv23-LAB (BGS)<br><br>**ORDER OVERRULING OBJECTIONS TO DENIAL OF COUNSEL** |

After Magistrate Judge Bernard Skomal denied Petitioner Dontaze Storey's requests for appointment of counsel, Storey objected to Skomal's order within the deadline set by Fed. R. Civ. P. 72(a).[1] Judge Skomal's order correctly sets forth the standards for appointment of counsel in federal habeas cases such as this one, and the Court applies those standards without repeating them here.

　Storey's objections point out that he is being assisted by another inmate, that several of his documents were accepted by discrepancy order, and that the California Supreme Court denied his petition as improperly pled. None of those are reasons for appointment of counsel, however.

---

[1] Storey's objections are styled as his objections to Judge Skomal's report and recommendation, but the objections address only Judge Skomal's separate order denying appointment of counsel.

1

The fact that Storey is being assisted by a "jailhouse lawyer" means he is receiving some assistance already. *See Bounds v. Smith*, 430 U.S. 817, 823 (1977) (citing *Johnson v. Avery*, 393 U.S. 483 (1969) (recognizing jailhouse lawyers as providing legal assistance necessary to enable pro se prisoners to prepare and file habeas petitions). The assistance of "jailhouse lawyers" is extremely common, and reliance on one does not by itself suggest that the petitioner needs appointed counsel.

The discrepancy orders Storey refers to point out violations of rules. But *pro se* litigants' violation of rules is not uncommon, and the Court is mindful of its "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). So far, none of the errors pointed out in the discrepancy orders have been prejudicial to Storey, and there is no likelihood they will be.

Finally, the California Supreme Court's denial of pro se prisoners' habeas petitions as inadequately pled or improperly litigated is common, and does not indicate any unusual circumstances that would warrant appointment of counsel in this case. To the extent Storey may be suggesting that he needs counsel to assist him with his state petition, the Court has no power to help him with that; the appointment of counsel in state court proceedings is a matter for the state court. *See In re Sanders*, 21 Cal.4th 697, 717 n.11 (1999) (citation omitted) (briefly outlining requirements for appointment of counsel in noncapital habeas cases).

The Court finds that the interests of justice do not warrant the appointment of counsel at this time, and **OVERRULES** Storey's objections to Judge Skomal's denial of appointment of counsel.

**IT IS SO ORDERED**.

Dated: October 19, 2017

*[signature]*

Hon. Larry Alan Burns
United States District Judge