UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>Petitioner,<br><br>v.<br><br>DAINEL PARAMO,<br><br>Respondent. | Case No.: 17cv23-LAB (BGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SECOND STAY AND ABEYANCE** |

After apparently exhausting at least one claim in state court, Petitioner Dontaze Storey filed a habeas petition in this Court under 28 U.S.C. § 2254, along with a motion for stay and abeyance. Storey later filed a habeas petition in the California Supreme Court, which was denied on August 16, 2017 with citations to *People v. Duvall*, 9 Cal.4th 464, 474 (1995), *In re Swain*, 34 Cal.2d 300, 304 (1949), and *In re Dixon*, 41 Cal.2d 756, 759 (1953). (*See* Docket no. 24 n.1.)

Storey's motion for stay and abeyance was referred to Magistrate Judge Bernard Skomal for a report and recommendation. On August 18, Judge Skomal issued his report and recommendation (the "R&R"), recommending that the motion be denied in light of the California Supreme Court's ruling. Judge Skomal also denied Storey's motion for appointment of counsel. Objections were due September 1. Storey filed objections, which he identified as objections to the R&R but which were in fact objections to Judge

1

Skomal's denial of his motion to appoint counsel. He also filed a second document asking permission to submit a new habeas petition to the California Supreme Court.

The Court issued an order addressing Storey's second request. The order pointed out that Storey does not need this Court's permission to file a habeas petition in state court. What Storey really wants and needs from this Court is permission to include in a federal habeas petition the same claims he recently brought in the California Supreme Court. As the R&R pointed out, Storey needed to decide whether he would proceed on his petition, or file a new habeas petition in the California Supreme Court. The order gave Storey until November 22, 2017 to file supplemental objections to the R&R.

Storey has now filed a motion for "second stay and abey proceedings" in which he says he resubmitted a petition and the California Supreme Court recently adjudicated it, and he is working on bringing those newly-exhausted claims in a federal petition.

Because this motion seems to be Storey's attempt to comply with the R&R, it appears that Storey does not intend to file any supplemental objections to the R&R, and he in fact agrees with it. In any event, if the California Supreme Court has already adjudicated Storey's new claims, no stay and abeyance is needed.[1]

The November 22, 2017 deadline for supplemental objections is therefore **VACATED** and the Court **ADOPTS** the R&R's recommendation that Storey's motion for stay and abeyance (Docket no. 3) be denied. No later than **December 8, 2017**, Storey may file a motion for leave to file an amended petition. He should attach his proposed amended petition to his motion. His motion should also give the case number of the petition he says the California recently adjudicated, and the date the California Supreme Court issued its order adjudicating it.

---

[1] The Court's review of state court dockets does not show that the California Supreme Court adjudicated a new petition, or that Storey even filed one. If it turns out he has not filed a new petition, the standards for stay and abeyance set forth in *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) would not be met. So regardless of whether the California Supreme Court has adjudicated Storey's second petition, no stay and abeyance is appropriate.

2

If Storey does not move for leave to file an amended petition as permitted by this order, the first petition he filed in this case will be treated as the operative pleading, and the parties should proceed to litigate it.

**IT IS SO ORDERED**.

Dated: October 26, 2017

Hon. Larry Alan Burns
United States District Judge