UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>         Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>         Respondent. | Case No.: 17cv23-LAB (BGS)<br><br>**ORDER DENYING THIRD RENEWED MOTION FOR STAY AND ABEYANCE** |

  After being convicted in California superior court of nineteen counts of lewd acts with his minor daughters, and two counts of failure to register as a sex offender, Petitioner Dontaze Storey brought a direct appeal. His petition for review in the California Supreme Court was denied on January 13, 2016. His appellate counsel notified him of that fact, told him they were no longer representing him, and notified him of his right to file a federal habeas petition as well as the deadline for filing such a claim. (*See* Docket no. 1 at 63.) His counsel also explained federal exhaustion requirements to him, and told him how to exhaust his claims. (*Id*. at 63–64.)

  Storey waited almost a year, then filed a mixed petition including at least four unexhausted claims. He also filed a motion for stay and abeyance. (Docket no. 3.) On January 18, 2017, the Court also informed Storey of the exhaustion requirement. (Docket no. 5.) The Court's order specifically cited *Rose v. Lundy*, 455 U.S. 509, 522 (1982),

1

which requires that habeas petitions containing unexhausted claims generally must be dismissed.

The case was referred to Magistrate Judge Bernard Skomal for report and recommendation. After receiving briefing Judge Skomal issued his report and recommendation (the "R&R") on August 18, 2017, recommending denying without prejudice the motion for stay and abeyance. (Docket no. 24.) The R&R recommended that Storey be allowed to file a renewed motion for stay and abeyance <u>only if</u> he brought his unexhausted claims before the California Supreme Court by filing a habeas petition there and included a copy of that petition with his renewed petition. (R&R at 6:25–7:8.) The R&R suggested a deadline of 45 days after the Court issued its order adopting the R&R. Because of what happened next, the Court never adopted that 45-day deadline.[1]

While the Court was awaiting objections to the R&R, Storey without leave filed a second motion for stay and abeyance. (Docket no. 31.) The Court denied both the original and the second motion for stay and abeyance. (Docket no. 33.) Storey then filed a second renewed motion for stay and abeyance (Docket no. 35), which the Court again denied. (Docket no. 36.) Storey then submitted another motion for stay and abeyance, which the Court construed as an unauthorized second motion for reconsideration and rejected for filing. (Docket no. 37.) Now Storey has submitted another renewed motion for stay and abeyance, which the Court has accepted for filing.

Over the course of his briefing, Storey has requested stay and abeyance under both *Rhines v. Weber*, 544 U.S. 269 (1995) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), each of which provides for a stay and abeyance procedure that applies under different circumstances. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

///

---

[1] Storey's later filings show he thinks this part of the R&R is in force, but it is not. He should not cite or rely on the R&R's recommendation (Docket no. 24 at 5:20–25) that he be given leave to file a renewed motion for stay and abeyance under certain conditions.

2

The procedure set forth in *Kelly* is unavailable here, for two reasons. First, *Kelly* deals with the situation where a petitioner has filed (or is willing to file) an entirely exhausted petition in federal court, but wants to exhaust additional claims and amend his federal petition to add them. *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (holding that *Kelly* applies to fully exhausted petitions); *King*, 564 F.3d at 1141 ("[T]he *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later . . . ."). Here, Storey has filed a mixed petition, and has refused to amend it to delete the unexhausted claims. (*See* Docket no. 33 (giving Storey until December 8, 2017 to file an amended petition including only exhausted claims).) Second, a stay under *Kelly* does not toll the federal limitations period with respect to the unexhausted claims. *King*, 564 F.3d at 1135, 1140–42. Any unexhausted claims that were not included in the federal petition are already time-barred. And dismissing any unexhausted claim from the federal petition would result in its being immediately time-barred. *See id.* at 1140–42. *See also id.* at 1141 (denial of a stay under *Kelly* is appropriate if the new claims cannot be added after exhaustion because of the federal time bar).

In *Rhines*, the Supreme Court made clear that stay and abeyance should be granted only in "limited circumstances" and is not to be granted lightly or routinely. 544 U.S. at 277. Federal courts' discretion to stay petitions is limited. *Id*. at 279. To obtain a stay under *Rhines*, a petitioner must show, among other things, good cause for failure to exhaust. *Id*. Although Storey has been pointed to *Rhines* a number of times and has been told of the "good cause" requirement, he has never shown good cause. The closest he has come is in his petition when he claimed in passing that his failure to exhaust was due to ineffective assistance of appellate counsel. But "a bald assertion cannot amount to a showing of good cause . . . ." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Moreover, Storey's appellate counsel performance has nothing to do with Storey's own failure to exhaust his claims by filing a habeas petition in the California Supreme Court. They have not been involved with these claims since January of 2016.

3

17cv23-LAB (BGS)

Storey says he sent a habeas petition to the California Supreme Court on April 13, 2017, but it was rejected for filing errors. (*See* Docket no. 14 at 2.) Then he corrected the errors, made some substantive changes, and refiled it. It was accepted for review on May 22, 2017. (*See* Docket no. 16.) The petition was denied on August 16, 2017 with citations to *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Swain*, 34 Cal.2d 300, 304 (1949); and *In re Dixon*, 41 Cal.2d 756, 759 (1953). These citations indicate that the petition was not properly filed because it did not include copies of reasonably available documentary evidence (*Duvall*) and did not allege sufficient facts with particularity (*Swain*). The citation to *Dixon* indicates the Court's determination that Storey could have raised at least some of the claims on direct appeal, but failed to do so.

After this denial, Storey waited about three to four months before submitting a new petition. His latest renewed motion for stay and abeyance includes documentation showing that the California Supreme Court received it on December 4, 2017 but rejected it on December 14 because he did not use the required form. (Motion at 4.) Storey's latest motion, dated January 8, says he has asked the California Supreme Court for an extension of time so that he can file his petition there. Although the motion does not say so, it is clear he has not yet completed or filed that petition. It is unclear when, if ever, he will do so. And if he does, it is likely his claims will be rejected as untimely. *See In re Harris*, 5 Cal.4th 813, 828 n.7 (1993) ("[T]he habeas corpus petition must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim."). *See also Stewart v. Cate*, 757 F.3d 929, 935–36 (9th Cir. 2014) (approving a thirty-to-sixty-day benchmark for California's "reasonable time" standard, unless the petitioner could show good cause for a longer delay).

The motion gives no reason at all for Storey's continued failure to exhaust his claims in the two years since his conviction became final. But the record makes clear that nothing is preventing him from drafting and filing petitions, and his failure to petition successfully is not the fault of his appellate counsel. Furthermore, the California Supreme

Court's determination that Storey could have raised some of his claims on direct appeal means Storey either failed to raise the issue of ineffective appellate counsel before that Court, or that he did so and the Court rejected it.

Mindful of the Supreme Court's admonitions in *Rhines*, 544 U.S. at 276–77 and the Ninth Circuit's admonitions in cases such as *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), the Court must proceed to adjudicate Storey's petition.

The situation at present is that Storey has left at least four of his claims exhausted for about two years, and has not shown or made any serious effort to show good cause for doing that. Beyond that, there is no schedule for exhausting them and no showing that he is even making any progress in doing that. Staying the petition until Storey decides to take action and exhaust his claims (assuming they are not already defaulted) would violate *Rhines*' directive that "[a] mixed petition should not be stayed indefinitely." 544 U.S. at 277. Also, the Court cannot adjudicate the petition as it now stands. *Rose* makes it clear that the Court must dismissed a mixed petition. 455 U.S. at 510. *See Sechrest v. Ignacio*, 549 F.3d 789, 800 (9th Cir. 2008) (citing *Rose*, 455 U.S. at 522 ("[F]ederal law prohibits the consideration of mixed petitions . . . ."); *Jefferson v. Budge,* 419 F.3d 1013, 1015 (9th Cir. 2005) ("*Rose* mandates that a district court must dismiss mixed petitions . . . .").

Storey's latest motion for stay and abeyance is **DENIED**. If he wants to try to exhaust his unexhausted claims, he must file a petition with the California Supreme Court no later than **February 8, 2018**. By **February 15, 2018**, he must file a renewed motion for stay and abeyance, and must attach a copy of the petition he filed with the California Supreme Court. A renewed motion that does not attach a copy of the petition will be rejected or denied, which will likely result in dismissal of the entire case. If he does not intend to exhaust his unexhausted claims, he must, no later than **February 15, 2018**, file

///
///
///

an amended petition that includes <u>only</u> claims he has already exhausted and leaves out all unexhausted claims.[2]

These deadlines will not be extended unless Storey files an *ex parte* motion well before the deadlines, showing good cause for the extension. The Court is aware that Storey is a prisoner, is not a lawyer and has never studied law, and is representing himself, and has considered these facts when setting the deadlines. Therefore, Storey should not expect that he can show good cause by pointing out these facts.

Storey <u>must</u> choose one of those two options. *See Jefferson,* 419 F.3d at 1015–16 (citing *Rose*, 455 U.S. at 510) (a habeas petitioner must be given the choice <u>either</u> to return to state court to exhaust his claims <u>or</u> to amend and resubmit his petition to present only exhausted claims to the federal district court). There is no third option. If he does not do one or the other within the time limited, stay and abeyance will be unavailable. Also, his mixed petition will be dismissed as required by *Rose*, and all his claims will be time-barred. Because the petition Storey filed in this Court is mixed, the Court <u>cannot</u> consider it.

**Failing to obey this order will mean that Storey will lose all his federal claims. His claims will be dismissed and he will not be able to raise them in federal court again.**

**IT IS SO ORDERED**.

Dated: January 16, 2018

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
United States District Judge

---

[2] The job of amending the complaint is Storey's, not the Court's. The Court cannot do it for him. *See Rhines*, 544 U.S. at 278 ("[T]he court should allow the petitioner to delete the unexhausted claims . . . .")

6

17cv23-LAB (BGS)