UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>　　　　　Respondent. | Case No.: 17cv23-LAB (MSB)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS; AND**<br><br>**ORDER DIRECTING PETITIONER TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION** |

Petitioner Dontaze Storey, a prisoner in state custody, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 3, 2017. The petition was referred to Magistrate Judge Bernard Skomal, and later to Magistrate Judge Michael Berg for a report and recommendation. After lengthy proceedings during which Storey's first three motions for a stay and abeyance were denied, he presented his unexhausted claims to the California Supreme Court, which denied them. The Court then denied as moot his fourth motion for a stay and abeyance, and he filed his amended petition.

After receiving briefing, Judge Berg on March 22, 2019 issued his 80-page report and recommendation (the "R&R"), which recommended denying the petition. Storey requested, and was granted, two extensions of time to prepare and file his objections. In its

order granting the second extension, the Court cautioned Storey that any further requests for extension of time must be supported by a showing of extraordinarily good cause. In early July, Storey filed a motion for a third extension, explaining that about two weeks earlier during a search by prison officials, his draft objections had disappeared from his cell and his legal papers were left in disarray. He therefore asked for a 30-day extension to prepare and file his objections, which he believed would be enough. The Court granted him more time than he requested, and required that he file his objections by August 12, 2019. Again, the Court cautioned him that no extensions would be granted without a showing of extraordinarily good cause.

Storey filed no objections, although a document styled as a motion for stay and abeyance was forwarded to the chambers of Magistrate Judge Berg for acceptance or rejection by discrepancy order. On August 27, the Court adopted the R&R. (*See* Docket no. 66.)

The unknown document was eventually forwarded to the undersigned District Judge, and accepted for filing. As it turns out, the Motion asked the Court either for a stay and abeyance, *or alternatively* for more time to file objections to the R&R.

Storey apparently does not actually want to make use of the "stay and abeyance" procedure, which was explained to him earlier in the case and which is unnecessary. Rather, he asks that the Court stay the entire case indefinitely, until he gets his opposition prepared. There is no reason to stay the case, however, when an extension of time would do. And in no event will the Court stay the action indefinitely. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasizing AEDPA's timeliness concerns, and instructing federal courts not to stay mixed petitions indefinitely).

The Court does not insist on strict time limits where "restraints resulting for a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). That being said, Congress has given clear direction to reduce delays in habeas review. *See Rhines*, 544 U.S. at 276. And the Supreme Court has made clear that lower courts must not allow petitioner to "frustrate

AEDPA's goal of finality by dragging out definitely their federal habeas review." *Id*. at 278. *See also Custis v. United States*, 511 U.S. 485, 497 (1994) (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.11 (1979)) (emphasizing the importance of preventing delays in habeas review even in non-capital cases).

The reasons Storey gives for his latest extension request merely repeat reasons he has given before. He points out that he has no legal training, he is not represented by counsel, and that as a prisoner he is doing all his research in the prison law library. He also points out that the R&R is 80 pages long, that he lost his copy of his objections and has had to start over, and that after the search his papers were disorganized. These were all raised and considered before, and the Court granted lengthy extensions based on these arguments. The Court was fully aware of these facts and took them into account when setting the deadlines. The Court also repeatedly cautioned him that he should not expect further extensions to be granted for the same reasons.

Storey's suggestion that he needs as much time or more to prepare his objections after the search than he did before it is implausible. He is familiar with the case against him, and has already prepared one nearly-complete draft of his objections. He has copies of documents he could use as outlines for his objections, such as his state petitions for review, and his traverse. Although he complains that he is having trouble locating portions of the record to cite, the R&R includes citations to particular pages. And in spite of its length, much of the R&R does not require objections anyway. For example, many pages of it consist of lengthy quotations from the record, summaries of his claims and arguments, and other material not likely to be objectionable. The portion he might want to prepare objections to is therefore significantly less than 80 pages long.

He does not adequately explain what he was doing during the last 30-day extension of time, why his last motion told the Court that 30 days would be enough, or why he waited until after 5 p.m. on August 12 to seek his fourth extension. His explanation that his papers are still in disarray after the search (Mot. at 2:14–16) is unpersuasive, given that he has had two months to put them back in order. Nor has he ever explained what objections he is

thinking of making. Bearing in mind that he has had over five months to work on them, he should have some idea of what he intends to say.

Storey admits that he has not shown extraordinarily good cause. (Mot at 1:28.) Instead, he claims that the arguments he raised before show good cause for another extension. In light of the Court's repeated warnings that extraordinarily good cause was required before any more extensions would be granted, he should not have assumed that the arguments he raised before would be good enough and ignored the deadline. He also should not have presumed that his fifth motion for a stay would be granted even though the four previous ones had been denied. Instead, he should have assumed that the Court's orders meant what they said, and filed his objections, which he says he has partially completed. He could also have requested more time to prepare and file more objections, but at least he would have had some objections filed on time. Because the motion does not show extraordinarily good cause, or even good cause for an extension, it is **DENIED**.

The Court is, however, willing to entertain a motion to reconsider its order denying the petition. No later than **September 19, 2019**, Storey must file his objections, which should be as complete as he can make them. He should also summarize any objections he did not have time to research. The Court will treat these objections as a motion for relief from judgment, under Fed. R. Civ. P. 59.

**IT IS SO ORDERED**.

Dated: September 3, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge