UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAZE A. STOREY,<br><br>      Petitioner,<br><br>v.<br><br>DAINEL PARAMO,<br><br>      Respondent. | Case No.:  17cv23-LAB (BGS)<br><br>**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME [Dkt. 80]** |

  On August 27, 2019, the Court denied Dontaze A. Storey's habeas corpus petition under 28 U.S.C. § 2254 and entered judgment against him. (Dkt. 66). Storey filed a timely notice of appeal. (Dkt. 73). He also filed objections to the Report and Recommendation issued in his case by Magistrate Judge Michael Berg, which the Court treated as a motion for relief from judgment under Federal Rule of Civil Procedure 59. (Dkt. 72).

  On July 7, 2021, this Court overruled Storey's objections and also denied his motion for reconsideration of the Court's earlier order denying his habeas corpus petition. (Dkt. 78). That order was entered on July 8, 2021. (*Id.*). Storey didn't file an amended notice of appeal from this post-judgment order. Instead, on August 19, 2021, he filed a motion for enlargement of time to file an amended notice of appeal. (Dkt. 80-1). The Ninth Circuit has remanded the appeal to this Court for

the limited purpose of determining whether Storey's August 19, 2021 filing may properly be treated as a motion for extension of time to appeal (Fed. R. App. P. 4(a)(5)) and, if so, whether relief is warranted. (Dkt. 80).

In a civil case, a notice of appeal must generally be filed in a district court within thirty days after entry of judgment. *See S.L. v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014) (citing Fed. R. App. P. 4(a)(1)(A)). Under Rule 4(a)(5), a district court may extend the time to file a notice of appeal if: (1) the party moves to extend no later than 30 days after the time allotted under Rule 4(a) (that is, after the original 30 days); and (2) the party is able to demonstrate excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Good cause "applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Arias-Maldonado v. Sisto*, 2012 WL 219190, *2 n.2 (E.D. Cal. Jan. 24, 2012) (quoting Advisory Comm. Note to 2002 Amendment of Fed. R. App. P. 4(a)(5)(A)(ii)). Rule 4(a)(5)(C) authorizes an extension of up to thirty days beyond the original time for filing, or up to fourteen days from entry of the extension order, whichever is later. *See id*. ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.").

Storey requested an extension of time to file an amended notice of appeal because the building in which he was being housed is undergoing electrical refitting, necessitating his move to a new housing unit and causing delays in the delivery of his mail that had to be rerouted. (Dkt. 80-1). He maintains that because he required additional time to prepare an amended notice of appeal, good cause exists to grant the enlargement of time. (*Id*.). Storey's thirty-day period for filing an amended notice of appeal expired on August 7, 2021, and the deadline for requesting an extension was September 6, 2021. Although he did not file a timely amended notice, he did submit a motion for enlargement of time on August 19,

2021. (*See* Dkt. 80-1). His extension request was therefore timely, and this Court has jurisdiction to consider his motion.

Courts considering Rule 4(a)(5) extension motions have pointed out that while a "more structured and exacting analysis is appropriate where a party seeks protection from his own negligence," "justice permits greater discretion" when a litigant is affected by unforeseeable circumstances. *Ingram v. Warden*, 2011 WL 318300, *2-*3 (D.N.J. Jan. 24, 2011) (quoting *Price v. Gen. Cable Indus., Inc.*, 466 F. Supp.2d 610, 612-13 (W.D. Pa. 2006)). "[C]ourts have found that difficulties . . . such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their pro se status, constitute 'good cause' for purposes of Rule 4(a)(5)." *Momoh v. Valenzuela*, No. LACV0906770VBFCW, 2015 WL 13037530, at *2 (C.D. Cal. Apr. 13, 2015) (quoting *Levesque v. Clinton County*, 2014 WL 2090803, *2 (N.D.N.Y. May 19, 2014)); *Williams v. Adams*, No. CVF04-5203DLBHC, 2006 WL 1071962, at *1 (E.D. Cal. Apr. 24, 2006) ("Petitioner filed his motion to extend time within the thirty-day time frame for filing a notice of appeal and Petitioner demonstrates good cause for the extension, citing prison transfers over which he has no control."). The record here doesn't suggest Storey delayed in bad faith or that Respondent will be prejudiced if Storey is allowed to file an amended notice of appeal.

Storey's motion to extend the time to file the amended notice of appeal is **GRANTED**. Pursuant to Rule 4(a)(5)(C), the time to file an amended notice of appeal is extended to fourteen (14) calendar days from the date of this Order.

**IT IS SO ORDERED**.

Dated: April 15, 2022

*Larry A. Burns*

Honorable Larry Alan Burns
United States District Judge